# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VALCOS BLISS,
        Plaintiff,

    v.                                            Case No. 07-C-1108

CHRISTOPHER S. CHU,
        Defendant.

## DECISION AND ORDER

      This excessive-force case was tried to a jury, and on September 27, 2011, the jury returned a verdict in favor of the defendant. On October 11, 2011, the plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. He raises two issues: (1) the verdict was against the manifest weight of the evidence, and (2) the late arrival of the jury's dinner somehow tainted the verdict.

      First, the verdict was not against the manifest weight of the evidence. The issue for the jury was to decide who was telling the truth: Mr. Bliss or Officer Chu. Bliss testified that Chu shot him at close range after Bliss had attempted to surrender. Chu testified that he shot Bliss during the course of a struggle in which Bliss appeared to be attempting to gain control of Chu's gun. Chu's partner at the time, Kimberly Foster, testified at trial and said that she saw Bliss struggling with Chu and saw Bliss grab the wrist in which Chu was holding the gun. No witness corroborated Bliss's version of events, but Bliss's lawyer argued during closing argument that the "close grouping" of Bliss's bullet wounds was inconsistent with Chu's having shot him during the course of a struggle. However, no witness with expertise in firearms testified that it would have been physically impossible for

the bullet wounds to be closely grouped had Chu actually fired his weapon during the course of a struggle. Given the evidence presented at trial, I cannot say that the verdict was against the manifest weight of the evidence. See Mejia v. Cook County, Il., 650 F.3d 631, 633 (7th Cir. 2011).

Plaintiff's second issue relates to the fact that it took two hours for the jury's dinner to arrive after the jurors placed their orders with the courtroom security officer. However, no juror complained about the late arrival of dinner, and a two-hour delay can hardly be said to have had a coercive effect, especially since the jurors knew that dinner had been ordered and that it would be arriving at some point. In any event, plaintiff cites no authority supporting the proposition that a delay in obtaining food for a jury is grounds for ordering a new trial under Rule 59.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for a new trial is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2011.

s/_____
LYNN ADELMAN
District Judge